**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **KRIS SPARKS AND** § | |
| **CHARLENE BERRY** § | |
| § | |
| **VS.** § | **CIVIL CASE NO.** |
| § | |
| **UNITED STATES OF AMERICA** § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiffs, Kris Sparks and Charlene Berry, and complain of Defendant, United States of America, and for cause of action shows the following:

### PARTIES

1. Plaintiff Kris Sparks is an individual resident of Houston, Harris County, Texas.

2. Plaintiff Charlene Berry is an individual resident of Houston, Harris County, Texas.

3. Defendant, United States of America, owns the vehicle that was driven by Kenneth Weir.

### NOTICE

4. On or about August 27, 2021 Plaintiffs provided notice to Defendant United States of America of the claims herein sued upon by submitting a Standard Form 95 by email to the United States of America by sending to U.S. Citizenship & Immigration Service. Notice was given through e-mail and fax. Subsequently a settlement demand was forwarded to the attention of U.S. Citizenship & Immigration Serivces. On or about December 15, 2021, U.S. Citizen and

1

Immigration Services acknowledge Plaintiffs' notice letter. The time for the administrative process has run and Plaintiffs have not received a denial or any form of communication. Pursuant to the Federal Tort Claims Act, Plaintiffs file this suit not later than six months after the date of the mailing of the notification of denial.

## JURISDICTION AND VENUE

5. This Court has jurisdiction in this case pursuant to the Federal Tort Claims Act, Title 28 U.S.C. 2674 because the United States of America is a Defendant herein.

6. Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court.

7. Venue of this case is proper in the Houston Division of the Southern District of Texas because the incident made the basis of this suit occurred in Harris County, Texas located within the boundaries of the Houston Division of the Southern District of Texas.

## FACTUAL BACKGROUND

8. This lawsuit arises out of a motor vehicle collision that occurred on or about September 11, 2019.

9. At the time and on the occasion in question, Plaintiff, Kris Sparks was driving on Westheimer at or near the intersection of Wetheimer and Wilcrest in Houston, Harris County, Texas.

10. At the time of the occasion in question, Charlene Berry was a passenger in the vehicle being driven by Kris Sparks.

11. Kenneth Weir was travelling on Westheimer behind the Plaitniffs.  Kenneth Weir was not paying attention to the traffic when he crashed into the rear of Plaintiffs' vehicle.

12. Plaintiffs were stopped at the intersection at the red light. The red light turned green but due to a pedistrain in front of Plaintiffs' vehicle, Plaintiffs were unable to proceed through the intersection.

13. Defendant, Kenneth Weir did not pay attention to the vehicle in front of him and began to attempt to proceed through the intersection. Mr. Weir failed to control his speed and failed to timely his brakes and crashed into the rear of Plaintiffs' vehicle.

14. Kenneth Weir was driving a vehicle owned by the United States of America and was operating the vehicle at the direction of the United States of America and/or in the course and scope of his employment with the United States of America.

15. As a result of the collision, Plaintiffs, Kris Sparks and Charlene Berry were injured and continue to suffer injuries and damages from this collision.

## CAUSES OF ACTION

16. Plaintiffs incorporate each and every allegation set forth in paragraph 8 -15 as if set forth fully herein.

17. At the time of the incident in question, Defendant's driver, Kenneth Weir, was operating his vehicle negligently.  Specifically, Mr. Weir had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Mr. Weir breached that duty in one or more of the following respects:

1. Failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Failed to control his speed;

3. Failed to timely apply his brakes;

4. Failed to pay attention to his surroundings;

5. Failed to keep an assured safe distance from Plaintiffs' vehicle; and

6. Failed to take evasive action.

18. Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiffs.

## **DAMAGES**

19. As a proximate result of Defendants' negligence, Plaintiffs suffered extensive injuries and damages. As a result of Plaintiffs' injuries, Plaintiffs suffered the following damages:

    a. Property damage and loss of use of Plaintiffs' vehicle;

    b. Medical expenses in the past and future;

    c. Lost wages in the past and loss of earning capacity in the future;

    d. Physical pain and suffering in the past and future;

    e. Mental anguish in the past and future;

    f. Physical impairment in the past and future;

    g. Cost of suit;

    h. Post-judgment Interest; and

i. All other relief in law and in equity to which Plaintiffs may be justly entitled.

## **PRAYER**

20. WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein, and that upon final hearing thereof, recover judgment against for:

   a. Property damage and loss of use of Plaintiffs' vehicle;

   b. Medical expenses in the past and future;

   c. Lost wages in the past and loss of earning capacity in the future;

   d. Physical pain and suffering in the past and future;

   e. Mental anguish in the past and future;

   f. Physical impairment in the past and future;

   g. Cost of suit;

   h. Post-judgment interest; and

   i. All other relief in law and in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

**BRANN SULLIVAN
TRIAL LAWYERS**

/s/ ***Roger A. Sullivan***
ROGER A. SULLIVAN
SBN: 24033370
602 Sawyer, Suite 700
Houston, Texas 77007
(713) 278-7425 - Telephone
(713) 510-1883 – Facsimile
Roger@bstrial.com

6

**ATTORNEYS FOR PLAINTIFFS**