United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRIS SPARKS and CHARLENE BERRY, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-22-2769 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND ORDER**

This Federal Tort Claims Act case arises from a car accident. Kris Sparks and Charlene Berry allege that Kenneth Weir, an employee of the United States Citizenship and Immigration Services agency, rear-ended their vehicle on September 11, 2019, while he was driving within the scope of his employment. The United States moved to dismiss for insufficient service of process under Rule 12(b)(5). (Docket Entry No. 7). The plaintiffs corrected the service issue. (Docket Entry Nos. 12, 13, 16). The United States then moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the plaintiffs failed to exhaust their administrative remedies. (Docket Entry No. 15).

Because the plaintiffs later correctly served the United States and the United States did not reurge its Rule 12(b)(5) defense in its motion to dismiss under Rules 12(b)(1) and 12(b)(6), the motion to dismiss for insufficient service of process, (Docket Entry No. 7), is denied as moot. *See* FED. R. CIV. P. 4(m), 12(h)(1). Based on the pleadings, the motion and response, and the applicable law, the court denies the motion to dismiss for failure to exhaust administrative remedies, (Docket Entry No. 15). The reasons are explained below.

I.      **The Legal Standards**

   A.  **A Motion to Dismiss**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be

exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### B. Sovereign Immunity

The United States typically has sovereign immunity from any lawsuit. *See M.D.C.G. v. United States*, 956 F.3d 762, 767–68 (5th Cir. 2020). The Federal Tort Claims Act waives that immunity and gives federal courts jurisdiction over claims against the United States for personal injury damages, if the government employee who caused the plaintiff's injury was acting in the scope of his or her office or employment when the injury occurred. *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (citing 28 U.S.C. §§ 1346(b), 2679(b)(1)).

"The issue of whether an employee is acting within the scope of his employment for purposes of the FTCA is governed by the law of the state in which the wrongful act occurred." *M.D.C.G. v. United States*, 956 F.3d 762, 769 (5th Cir. 2020) (quoting reference omitted). In Texas, "for an employee's acts to be within the scope of employment, 'the conduct must be of the same general nature as that authorized or incidental to the conduct authorized.'" *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (quoting reference omitted). Courts consider whether employee's conduct "(1) falls within the scope of the employee's general authority; (2) furthers the employer's business; and (3) is for the accomplishment of the object for which the employee was hired." *Smollen v. United States*, 46 F.3d 65 (5th Cir. 1995). "In other

3

words, if an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Minyard Food Stores*, 80 S.W.3d at 577.

## II.   Analysis

The Federal Tort Claims Act requires a tort claim against the United States to be "presented in writing to the appropriate Federal agency within two years after [the] claim accrues"; otherwise, the claim "shall be forever barred."  28 U.S.C. § 2401(b).  The "appropriate Federal agency" is "the Federal agency whose activities gave rise to the claim."  28 C.F.R. § 14.2(b)(1).  When, however, a claim is presented to another Federal agency, that agency is required to "transfer [the claim] forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer."  *Id.*

The United States argues that Sparks and Berry failed to submit their administrative claims to the proper agency within two years of their September 11, 2019, accident and injury.  Sparks and Berry faxed their claims on August 27, 2021.  Both claims were correctly addressed to the United States Citizenship and Immigration Services (the agency that employed the driver), but were incorrectly faxed to the United States Office of Personnel Management.

This inadvertent error by the plaintiffs was compounded by subsequent inadvertent errors by the agencies.  As required under 28 C.F.R. § 14.2(b)(1), the Office of Personnel Management transferred Berry's claim on August 30, 2021, but instead of transferring the claim to the United States Citizenship and Immigration Services agency, the Office of Personnel Management transferred the claim to the Department of Homeland Security.  Berry's claim sat unattended at the Department of Homeland Security for over a month before the Department followed its statutory obligation to transfer the claim.  The United States Citizenship and Immigration Services agency

finally received the claim on October 15, 2021. For reasons the record does not explain, the Office of Personnel Management did not transfer Sparks's claim. Neither the Office of Personnel Management nor the Department of Homeland Security contacted counsel for the plaintiffs during the time. Counsel learned of the errors from the United States Citizenship and Immigration Services agency on December 8, 2021, and he filed new claims on December 9, 2021.

Both Sparks and Berry submitted claims that would have timely had the agencies receiving the claims done what they were supposed to do under 28 C.F.R. § 14.2(b)(1)—transfer the claims to the United States Citizenship and Immigration Services agency or return the claims to Sparks and Berry to refile with that agency. Courts have interpreted 28 C.F.R. § 14.2(b)(1) as allowing for constructive filing if an agency fails to transfer or return a claim to a claimant. "Interpreting the transfer regulation to allow for constructive filing (*i.e.*, a relation back) of claims presented within the limitations period of § 2401(b) but delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant, is both logical as well as fair and equitable." *Bukala v. United States*, 854 F.2d 201, 203 (7th Cir. 1988); *see also Greene v. United States*, 872 F.2d 236, 237 (8th Cir. 1989) ("When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency.").

Accepting the plaintiffs' assertions as true, as required in analyzing a motion to dismiss, the record shows that: the plaintiffs timely filed their claims on August 27, 2021; the Office of Personnel Management failed to transfer Sparks's claim and incorrectly transferred Berry's claim to the Department of Homeland Security; and that the Department failed to timely transfer Berry's claim to the correct agency, the United States Citizenship and Immigration Services. The agencies

caused the delay in proper submission. The claims were constructively filed on the day that they were sent to the Office of Personnel Management—August 27, 2021. Both claims are timely.

### III.     Conclusion

The motions to dismiss, (Docket Entry Nos. 7, 15), are denied.

SIGNED on August 24, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge